**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**DAVID ORTIZ, and ASHLEY ORTIZ,**

**Plaintiffs,**

**vs.**

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,**

**Defendant.**

**8:26CV676**

**ORDER TO SHOW CAUSE**

This matter comes before the Court *sua sponte* after review of the pleadings. The Court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

On November 2, 2026, Plaintiffs, David and Ashley Ortiz, filed this suit against Allstate Vehicle and Property Insurance Company ("Allstate"), alleging Allstate refused to cover damages caused by a wind and hailstorm under its insurance policy with Plaintiffs. Plaintiffs seek more than $120,000 in damages. (Filing No. 1). Plaintiffs invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a).

After review, the Court finds Plaintiffs have not adequately pled the citizenship of the Allstate. A party asserting subject-matter jurisdiction based on diversity of citizenship must establish, with specificity in the pleadings, the citizenship of the parties. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Plaintiffs' Complaint alleges the following with respect to Allstate's citizenship:

> Defendant, Allstate Vehicle and Property Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Nebraska.

> Plaintiff requests service of summons upon Allstate, through its registered agent for service listed with the Nebraska Department of Insurance: CT Corporation System, 5601 South 59th Street, Lincoln, NE 68516, or wherever they may be found. Plaintiffs requests service at this time.

(Filing No. 1 at p. 1).

Plaintiffs' allegations do not establish Allstate's citizenship. For purposes of diversity jurisdiction, a corporation is deemed a citizen of every state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Plaintiffs have neither identified Allstate's principal place of business nor place of incorporation to properly allege Allstate's citizenship. *See, e.g.*, *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (explaining that it is "inadequate to establish diversity" without stating "a corporate party's state of incorporation and its principal place of business").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Accordingly, the Court will grant Plaintiffs leave to file an amended complaint that cures the deficiencies above to assure this Court it has subject-matter jurisdiction.

**IT IS ORDERED:** Plaintiffs shall filed an amended complaint to properly allege this Court's subject matter jurisdiction on or before **November 30, 2026**. Failure to do so may result in dismissal of this action without further notice.

Dated this 3rd day of November, 2026.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge